By the Court:
Hedges was injured while in the employ of the railway company on November 23, 1889. The injury, as averred, resulted without fault on his part, from a defect in a brake he was then using in his employment which was out of repair and defective by reason of the negligence of the company. Issues of fact were made up and tried to a jury which rendered a verdict in his favor. Judgment was rendered on the verdict by the court, after overruling a motion for a new trial. On error the judgment was affirmed by the circuit court. The court charged the jury, among other things, to the effect that if it found from the evidence, that there was a defect in the brake that caused the injury, that fact raised a prima facie case against the company and the plaintiff would be entitled to recover if injured thereby without fault on his part. This we think was error.
*340 The instruction was predicated upon the provisions of a statute adopted April 2, 1890 (87 Ohio Laws, 149) which reads as follows:
“It shall be unlawful for any such corporation to knowingly or negligently use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective. If the employee of any such corporation shall receive any injury by reason of any defect in any car or locomotive, or the machinery or attachments thereto belonging, owned and operated, or being run and operated by such corporation, such corporation shall be deemed to have had knowledge of such defect before and at the time such injury is so sustained, and when the fact of such defect shall be made to appear in the trial of any action in the courts of this state, brought by such employe, or his legal representatives, against any railroad corporation for damages, on account of such injuries so received, the same shall be prima facie evidence of negligence on the part of such corporation.”
The injury as stated occurred November 23, 1889, and was therefore an existing cause of action at the adoption of the amendment, though the suit was not commenced until afterwards, on May 21, 1890. Prior to this statute the existence of a defect in the machinery employed resulting in injury to an employe did not make a prima facie case of negligence against the company. Culpable knowledge on the part of the company had to be proved by the plaintiff.. Assuming the act of 1890 to be remedial in character, still, under Section 79, Revised Statutes, it would not apply to an existing cause of action without an ex *341 press provision to that effect; and there is no such special provision in the act.
It is true that Section 79, Revised Statutes, applies only in terms to the amendment or repeal of a statute, and the act of 1890 abové referred to is neither. Still, we regard the principle of that section as declaratory of the policy of our law, which forbids giving to a statute retroactive effect, though remedial in character, unless the act contains an express provision to that effect.
The judgment is for the reason given.

Reversed.